IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:07-CV-00414

THOMAS ROBINSON,

    Plaintiff,

vs.

WIX FILTRATION CORP LLC, DANA-SPICER, INC. D/B/A WIX FILTRATION PRODUCTS DIVISION AND AFFINIA GROUP, INC. D/B/A WIX FILTRATION PRODUCTS DIVISION,

    Defendants.

**PROTECTIVE ORDER/CONFIDENTIALITY AGREEMENT**

WHEREAS Plaintiff, Thomas Robinson (hereinafter "Plaintiff"), has filed suit against Defendants, Wix Filtration Corp LLC, Dana-Spicer, Inc. d/b/a Wix Filtration Products Division and Affinia Group, Inc. d/b/a Wix Filtration Products Division (hereinafter "Defendants"), arising out of Plaintiff's alleged termination from his employment with Defendants allegedly in violation of public policy and in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

WHEREAS Plaintiff has requested through discovery certain documents from Defendants relating to Defendants' contract with Electronic Data Systems Corporation for the outsourcing of certain jobs and the subsequent outsource.

WHEREAS a Motion for Protective Order and a general objection have been made by Defendants with regard to the production of these documents.

WHEREAS Plaintiff and Defendants hereby enter in this Protective Order/Confidentiality Agreement with regards to the documents being produced by Defendants in this litigation and all parties hereto agree as follows:

1

1. That no documents will be produced containing Defendants' financial information or confidential information relating to Defendants' employees.

2. That the documents being produced for inspection by Defendants in no way waives objections previously made by Defendants.

3. That the documents produced by Defendants are hereby classified as confidential for the purpose of this litigation only.

4. That the use of documents produced via discovery will be done in only the following ways:

   a. That these documents will be produced to only counsel of record, members of their respective firms and parties to this litigation;

   b. To the extent any document is used in a deposition or for purposes of trial or hearings, the documents shall be filed under seal;

   c. These documents, and the contents therein, shall not be produced or communicated to any outside third party who is not an expert witness in this litigation without written authorization of Defendants;

   d. Any copies of documents provided through discovery will be returned to Defendants or destroyed within 30 days of the conclusion or resolution of this matter, including any documents copied or produced to experts.

The undersigned agree to the terms of this Protective Order/Confidentiality Agreement and agree to be subject to further orders of the Court for any such violation.

This the 28th day of July, 2008.

_____
U.S. DISTRICT COURT JUDGE

WE CONSENT:

_____
CHARLES A. EVERAGE
Attorney for Plaintiff

_____
JEFFREY D. KEISTER
Attorney for Defendants